IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **L.C. ELDRIDGE SALES CO., LTD.,**<br>      Plaintiff,<br><br>v.<br><br>**NFE PIONEER I and NFE PIONEER II,**<br>their engines, boilers, tackle, furniture,<br>apparel, appurtenances, etc., *in rem*, and<br>**NFE FAST LNG OPERATIONS, LLC,**<br>*in personam,*<br>      Defendants. | § § § § § § § § § § § § | C.A. No. _____<br><br>IN ADMIRALTY, Rule 9(h) |

## VERIFIED ORIGINAL COMPLAINT

COMES NOW, Plaintiff, L.C. Eldridge Sales Co., Ltd. ("Plaintiff"), and files this its Verified Original Complaint against Defendants, NFE PIONEER I and NFE PIONEER II, *in rem,* and NFE Fast LNG Operations, LLC, *in personam*, and upon information and belief, alleges as follows:

### Jurisdiction and Venue

1.   This is a case of admiralty jurisdiction, 28 U.S.C. § 1333, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

2.   Venue is proper in this Court because the Vessels are within this District.

### The Parties

3.   Plaintiff is a business entity organized and existing under the laws of the State of Texas with a registered office at 23035 Elkana Deane Lane, Katy, Texas 77449.

4. Defendants NFE PIONEER I and NFE PIONEER II are jack-up/floating LNG rigs that are now and will be during the pendency of this action within the navigable waters of this district and within the jurisdiction of this Honorable Court. The NFE PIONEER I and NFE PIONEER II are presently berthed at Kiewit's facility in Ingleside, Texas.

5. Defendant NFE Fast LNG Operations, LLC ("New Fortress") is a Delaware limited liability company with its principal office located at 111 West 19th Street, 8th Floor, New York, NY 10011.

## The Facts

6. Plaintiff provides ventilation system equipment installation, repair, and maintenance services. In or about December 2022, Plaintiff entered into an agreement with New Fortress to provide the necessary labor, equipment, and materials for the overhaul of the ventilation systems on the Vessels (as well as a third vessel, NFE PIONEER III) while the Vessels were docked at Kiewit's facility in Ingleside, Texas. Plaintiff provided the labor, equipment, and materials as agreed. The principal amount owed for these items already furnished to the Vessels and the NFE PIONEER III, pursuant to Plaintiff's agreement with New Fortress and at the request of and upon the order of their owner and/or manager and/or operator and/or other authorized representative of the Vessels and the NFE PIONEER III, as nearly as can be presently calculated, totals $5,114,839, $3,437,326 of which is now overdue. At least $1,595,814 of the principal amount owed to Plaintiff is attributable to work performed by Plaintiff on the NFE PIONEER II and at least $2,282,241 of the principal amount owed to Plaintiff is attributable to work performed by Plaintiff on the NFE PIONEER I). *See* **Exhibit "A".**

7. Plaintiff presented its invoices reflecting the balance due in favor of Plaintiff for labor, equipment and materials provided to the Vessels, and duly demanded payment.

8. Despite due demand, Defendants have wrongfully refused and failed to pay the balance owed to Plaintiff.

9. Defendants' and/or the Vessels' owner's and/or manager's and/or operator's wrongful refusal and/or failure to pay the balance owing to Plaintiff constitute a material breach and wrongful repudiation of the agreement.

10. Because of this material breach and wrongful repudiation, Plaintiff is owed and has sustained damages in the approximate principal amount of $5,114,839, together with interest, costs, expenses and attorney's fees, no part of which has been paid, although duly demanded.

11. Plaintiff alleges that it has a maritime lien against the NFE PIONEER I and NFE PIONEER II for sums due it for the labor, equipment and materials supplied to the Vessels and therefore files this Verified Original Complaint to enforce its lien.

### *In rem* claim against the Vessels

12. Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 11 as if fully set out at length.

13. Plaintiff has a maritime lien, pursuant to 46 U.S.C. § 31341, *et. seq.,* against the Vessels in the principal amount, as nearly as can be calculated, (at least $1,595,814 for work Plaintiff performed on the NFE PIONEER II and at least $2,282,241 for work performed by Plaintiff on the NFE PIONEER I), for labor, equipment, and materials furnished to the Vessels at the request of and upon the order of their owner and/or manager and/or operator and/or other authorized representative of the Vessel, which may be enforced by the *in rem* seizure of the

Vessels. Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Plaintiff requests that process in due form of law, according to the practices of this Court, issue against the NFE PIONEER I and NFE PIONEER II, their equipment, appurtenances and freights, etc., *in rem,* and that all persons claiming any interest in the Vessels or in this matter be required to appear and answer the matters set forth above.

### Breach of Contract, *in personam*, against New Fortress

14. Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

15. Plaintiff provided necessary services, work, materials, and equipment to and at the behest of New Fortress. This included the work on the Vessels, as well as a third vessel, NFE PIONEER III, which recently departed Ingleside for Mexico and is not presently within the territorial jurisdiction of the court. The agreed and/or fair and reasonable value and benefit for the unpaid services, work, materials, and equipment totals at least $5,114,839 and, together with interest and reasonable and necessary legal fees and expenses, are due to Plaintiff under the agreement and/or applicable purchase orders.

### Quantum Meruit and Unjust Enrichment, *in personam*, against New Fortress

16. Plaintiff repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

17. Plaintiff provided services, work, materials, and equipment to and for the benefit of New Fortress. New Fortress approved and has benefited from said labor, materials and/or services and had reasonable notice that Plaintiff was providing such and expecting compensation

in return. The fair and reasonable value and benefit for the unpaid services, work, materials, and equipment totals at least $5,114,839.

## Conditions Precedent

18. All conditions precedent have been performed or have occurred.

19. All and singular of the premises are true and within the admiralty jurisdiction of the United States of America and of this Honorable Court.

## Prayer

WHEREFORE, Plaintiff prays:

    a.    That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against the NFE PIONEER I and NFE PIONEER II, their equipment, appurtenances and freights, etc., *in rem,* and that all persons claiming any title or right to said Vessels be cited to appear and answer under oath the allegations of this Verified Original Complaint;

    b.    That a judgment be entered in favor of Plaintiff against the NFE PIONEER I and NFE PIONEER II, their equipment, appurtenances and freights, etc., *in rem,* in the approximate amount of at least $3,878,055 (at least $2,282,241 as to NFE PIONEER I and at $1,595,814 at NFE PIONEER II), together with interest, costs, expenses and attorney's fees;

    c.    That the NFE PIONEER I and NFE PIONEER II, their equipment, appurtenances and freights, etc., *in rem,* be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment against the Vessels and that this Court award Plaintiff out of the proceeds of said sale

   the full amount of its damages, together with interest, costs, expenses and attorney's fees;

d. That the Court enter judgment in favor of Plaintiff on its claims against New Fortress, and award damages to Plaintiff in the amount of at least $5,114,839, plus pre-judgment interest, costs, expenses, and attorney's fees; and

e. That this Court grant to Plaintiff such other and further relief as may be just and proper.

   Respectfully submitted,

   **NICHAMOFF LAW, P.C.**

   */s/ Seth A. Nichamoff*
By: _____
   Seth A. Nichamoff
   State Bar No. 24027568
   Fed. I.D. No. 27002
   2444 Times Boulevard, Suite 270
   Houston, Texas 77005
   (713) 503-6706 Telephone
   (713) 360-7497 Facsimile
   seth@nichamofflaw.com

   **ATTORNEYS FOR PLAINTIFF**
   **L.C. ELDRIDGE SALES CO., LTD.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| L.C. ELDRIDGE SALES CO., LTD.,<br>　　　Plaintiff,<br><br>v.<br><br>NFE PIONEER I and NFE PIONEER II,<br>their engines, boilers, tackle, furniture,<br>apparel, appurtenances, etc., *in rem*, and<br>NFE FAST LNG OPERATIONS, LLC,<br>*in personam*,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. _____<br><br>IN ADMIRALTY, Rule 9(h) |

## VERIFICATION

My name is Edward Neese. I am the Executive Vice President of L.C. Eldridge Sales Co. Ltd. in connection with the referenced matter, and I am capable and authorized to make this Verification. I have read the foregoing Verified Original Complaint and know the contents thereof, and that the same are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8 day of September 2023 in Houston, Texas.

_____
EDWARD NEESE

66607:47260408